O

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Kathleen Sedwick,<br><br>　　　　　Plaintiff(s),<br><br>　　v.<br><br>United States of America,<br><br>　　　　　Defendant(s).<br>_____ | CASE NO. SACV 07-0596 DOC (RZx)<br><br>**O R D E R** DENYING MOTION FOR SUMMARY JUDGMENT |

　　　　Before the Court is Defendant United States of America's ("Defendant") Motion for Summary Judgment (the "Motion"). After considering the moving, opposing, replying papers, and oral argument, the Court hereby DENIES Defendant's Motion.

**I. BACKGROUND**

　　　　On May 30, 2001, Plaintiff was riding her bicycle in the southbound bicycle lane of Magnolia Street in Fountain Valley, California. Plaintiff alleges that while lawfully riding her bicycle she was struck by a U.S. Postal Service delivery vehicle ("the delivery vehicle"). Allen C. Van House ("Van House"), a U.S. Postal Employee, was driving the delivery vehicle at the

time of the collision. Plaintiff alleges that, at the time of the collision, Van House negligently failed to yield the right of way.

Plaintiff sued Defendant under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-80, seeking general damages, compensatory damages, medical expenses, property damage, costs of the suit, and compensation for loss of income. Plaintiff is requesting judgment in the amount of $1,531,542.34.

In the Instant Motion, Defendant moves for summary judgment, asking this Court to find that it was not negligent as a matter of law.

## II. LEGAL STANDARD

Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

The Court must view the facts and draw inferences in the manner most favorable to the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S. Ct. 993 (1962); *Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1161 (9th Cir. 1992). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact for trial, but it need not disprove the other party's case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S. Ct. 2505 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25, 106 S. Ct. 2548 (1986). When the non-moving party bears the burden of proving the claim or defense, the moving party can meet its burden by pointing out that the non-moving party has failed to present any genuine issue of material fact. *Musick v. Burke*, 913 F.2d 1390, 1394 (9th Cir. 1990).

Once the moving party meets its burden, the "adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." Fed. R. Civ. P. 56(e); *see also Anderson,* 477 U.S. at 248-49. Furthermore, a party cannot create a genuine issue of material

1  fact simply by making assertions in its legal papers. There must be specific, admissible evidence
2  identifying the basis for the dispute. *S.A. Empresa de Viacao Aerea Rio Grandense v. Walter*
3  *Kidde & Co., Inc.*, 690 F.2d 1235, 1238 (9th Cir. 1980). The Supreme Court has held that "[t]he
4  mere existence of a scintilla of evidence . . . will be insufficient; there must be evidence on
5  which the jury could reasonably find for [the opposing party]." *Anderson*, 477 U.S. at 252.

### III. DISCUSSION

7  "Whether a person exercises the required degree of care is ordinarily one for the jury."
8  *Shivers v. Van Loben Sels*, 109 Cal.App.2d 286, 289 (1952). "Although questions of negligence
9  are usually reserved for the fact finder, summary judgment is proper where the facts are
10 undisputed and only one conclusion may reasonably be drawn from them. Negligence then
11 becomes a matter of law." *See, e.g., Flying Diamond Corp. v. Pennaluna & Co., Inc.*, 586 F.2d
12 707, 713 (9th Cir. 1978)(citing *Yellowstone Pipe Line Co. v. Kuczynski*, 283 F.2d 415, 419 (9th
13 Cir. 1960). At issue in the instant Motion is not whether Plaintiff was negligent, as California
14 has adopted a comparative negligence standard under which a plaintiff's negligence is not a bar
15 to recovery but a factor to be considered in measuring the amount of recovery. *Bradfield v.*
16 *Trans World Airlines, Inc.*, 88 Cal.App.3d 681,686 (1979). Instead, Defendant must summarily
17 prove that there are no genuine issues of material fact as to whether or not *Defendant's*
18 negligence contributed to the accident at issue. Defendant has not met this burden.

19 Under Section 1346(b) of the FTCA and 28 U.S.C. § 2674, liability for negligence
20 requires proof of an actionable duty, causation and recoverable damages in the law of the state
21 wherein the conduct complained of occurred. Because the alleged acts occurred in California,
22 California state law applies. Under California law, in order to present a viable negligence claim
23 a Plaintiff must prove that Defendant owed Plaintiff a duty, that such duty was breached by
24 Defendant, and that such breach was both the legal and the proximate cause of Plaintiff's
25 injuries.

26 Under the common law doctrine of negligence per se (codified in Evidence Code § 669),
27 statutes may, in some circumstances, be used to establish a duty or standard of care in negligence
28 actions. *See, e.g.*, *Elsner v. Uveges*, 34 Cal.4th 915, 927-28 (2004). Defendant attempts to argue

1 that Plaintiff, not Defendant, was negligent per se in this case as it violated Cal. Veh. Code §
2 21802.  Plaintiff counters that it was Defendant who was negligent per se in that it violated Cal.
3 Veh. Code § 21802.
4     Under Cal. Veh. Code § 21802:
5         (a) The driver of any vehicle approaching a stop sign at the entrance
6         to, or within, an intersection shall stop as required by Section 22450.
7         The driver shall then yield the right-of-way to any vehicles which
8         have approached from another highway, or which are approaching so
9         closely as to constitute an immediate hazard, and shall continue to
10        yield the right-of-way to those vehicles until he or she can proceed
11        with reasonable safety.
12        (b) A driver having yielded as prescribed in subdivision (a) may
13        proceed to enter the intersection, and the drivers of all other
14        approaching vehicles shall yield the right-of-way to the vehicle
15        entering or crossing the intersection.
16 Under Cal. Veh. Code 21200(a), bicyclists riding on highways have "all the rights and [are]
17 subject to all the provisions applicable to the driver of a vehicle...."
18     The uncontroverted evidence establishes that Van House was acting within the course and
19 scope of his employment with the United States Postal Service when the accident at issue
20 occurred.  Plaintiff was traveling southbound on Magnolia Street and Van House was traveling
21 eastbound on El Presidente just before the accident at issue.  There is a stop sign on El
22 Presidente where it intersects with Magnolia ("the intersection").  However, there are no traffic
23 signals at the intersection for north and southbound traffic on Magnolia.  Defendant states that
24 the USPS vehicle stopped before traveling across the intersection at no more than 10 mph, while
25 Plaintiff's expert states that the vehicle reached a maximum speed of 16-17 mph right before the
26 accident.  Plaintiff was traveling at approximately 10-17 mph when the accident occurred.
27     Plaintiff has testified that she observed a USPS vehicle stopped at a stop sign across
28 Magnolia, to her left, as she approached the intersection of Magnolia and El Presidente.

4

1  Defendant argues that Plaintiff was negligent, as both Plaintiff and a third-party witness to the
2  accident (Roger Loftis) testified that Plaintiff did not notice that the USPS vehicle was *crossing*
3  the Magnolia-El Presidente intersection until "an instant" before she collided with it.  The USPS
4  vehicle had crossed two lanes of roadway, a center median and two additional lanes of roadway
5  before it was struck by Plaintiff.  Additionally, Roger Loftis ("Loftis") stated that Plaintiff's
6  failure to observe the USPS vehicle was due to the fact that she was cycling in an aerodynamic
7  position in which her head was tucked down towards the handlebars.[1]

8      However, Plaintiff has testified that she observed the USPS vehicle at the stop sign but
9  then directed her attention to a different vehicle on her right, which was attempting to turn right
10 from El Presidente onto Magnolia – thereby crossing directly over her line of travel.  The vehicle
11 preparing to cross directly over her line of travel occupied her attention for a few seconds until
12 the USPS vehicle came into her field of vision on her left side.  Further, Plaintiff has submitted
13 the testimony of the driver of a vehicle directly behind Plaintiff at the time of the accident,
14 Loftis, who avers that Van House's decision to cross the intersection required Loftis to apply his
15 brakes and slow his vehicle, despite the fact that there was no stop sign in his direction of travel.

16     The uncontroverted evidence establishes that Van House left the United States for Mexico
17 in June of 2007.  The only statements from Van House as to how the accident occurred, that
18 have been submitted, are those reported in the police report of the accident.  In the police report,
19 Van House stated that he did not see Plaintiff until the last moment because he was
20 concentrating on the Loftis vehicle.  Plaintiff argues that this is prima facie evidence of
21 negligence, as this violated Van House's duty to "keep a proper lookout for other vehicles or
22 persons on the highway...."  *Downing v. Barrett Mobile Home Transport*, 38 Cal.App.3d 519,
23 524 (1974).

24     Finally, Plaintiff's expert (Alvin Lowi III) has also testified that Plaintiff had no reason to
25 expect Van House to move onto Magnolia in front of her, as she observed him waiting at a stop

---

[1] Because Loftis was a lay witness, rather than an expert, and because Loftis was traveling 25 yards behind Plaintiff during the accident at issue, the admissibility of this testimony under Federal Rule of Evidence 701 is questionable.

5

1  sign and she did not have a stop sign.  According Lowi:  "Only at the point the postal truck
2  passes the median and southbound left turn pocket is it possible to determine that the postal truck
3  was not turning left and actually headed straight across Magnolia.  This is when the clock starts
4  for [Plaintiff's] expected perception-reaction-response phase."  According to Lowi's time
5  distance analysis, Plaintiff only had 0.6 seconds before impact to break and Plaintiff did, in fact,
6  break 0.6 seconds before impact.  Lowi has also testified to Defendant's negligence – the
7  primary focus of the instant Motion – in arguing that Van House did not yield the right of way to
8  Plaintiff or Loftis (as evidenced by, *inter alia*, Loftis's application of his brakes as Van House
9  entered the intersection), thereby causing the collision at issue.

10  While this is a close case, Defendant's attempt to summarily prove that Van House was
11  entitled to assume that Plaintiff would yield the right-of-way once Van House entered the
12  intersection is ultimately unavailing.  In support of this proposition, Defendant cites *Keyes v.*
13  *Hawley*, 100 Cal.App.53, 60 (1929)("[W]hen one car has actually entered an intersection before
14  the other approaches it, the driver of the first car may assume that he will be given the right of
15  way and permitted to pass through the intersection without danger of collision.").  *Keyes*
16  involved the interpretation of Section 131 of the Motor Vehicle Act, which is no longer the law
17  in the State of California, which governed situations wherein two vehicles approached the
18  intersection of two public highways at approximately the same time.  This is inapplicable to the
19  accident at issue.  Defendant also argues that one is not "required to yield the right of way to one
20  a considerable distance away whose duty it is to slow down in crossing an intersection," citing
21  *Whitelaw v. McGilliard*, 179 Cal. 349 (Cal. 1918).  However, uncontroverted evidence has not
22  been put forth establishing that Plaintiff was a considerable distance away when Van House
23  began crossing the intersection at issue.  Further, *Whitelaw* is distinguishable from the instant
24  case as it involved an accident wherein one vehicle was traveling over the speed limit and
25  another was not.

26  "The question whether an approaching vehicle constitutes an immediate hazard is
27  ordinarily one of fact concerning which the jury's conclusion is binding on appeal."  *Zwerin v.*
28  *Riverside Cement Co.*, 52 Cal.App.2d 715, 719 (1942).  This case is no exception.  Genuine

issues of material fact exist as to whether or not Defendant violated Cal. Veh. Code § 21802 by negligently failing to yield the right-of-way to Plaintiff as she approached on Magnolia – an intersection at which she, unlike Van House, was not required to stop.

## IV. OUTCOME

For the reasons stated herein, Defendant's Motion is DENIED.

IT IS SO ORDERED.

DATED: February 9, 2009

_____
DAVID O. CARTER
United States District Judge